UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Alan R. Vaughn,

Plaintiff,

v.

MEMORANDUM OPINION
and ORDER
Civil No. 00-2370 (MJD/JGL)

City of North Branch, et al.,

Defendants.

---

Plaintiff is pro se.

Pierre N. Regnier and Stephen F. Buterin, Jardine, Logan & O'Brien, P.L.L.P. for and on behalf of Defendants City of North Branch, Richard Anderson, Ellis Johnson, Rodney Lofquist, Donald White, Kevin Engel, John Moosey, Patrick Trudgeon, Steven Vanden Heuvel, John Philipsen and Gregory Strom (the "City Defendants").

Stephen G. Andersen, Ratwik, Roszak & Maloney, P.A. for and on behalf of Defendants Alliegro and Judge James Reuter.

---

Plaintiff brought this action against the State of Minnesota, the City of North Branch, and various officials, claiming that the defendants violated his civil rights when they denied him approval of a preliminary plat development plan for a cluster development/planned unit development.

Previously, this Court granted the motion of Defendant Thomas Miller, City Attorney for the City of North Branch, to dismiss all claims asserted against him. Now before the Court is Plaintiff's Demand for a Jury Trial, Motion for

JAN 1 8 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Summary Judgment, and a Motion for an Order directing the State Attorney General to prosecute the defendants.

Also before the Court is the City Defendants' challenge to this Court's jurisdiction over them. The City Defendants argue that the Court lacks personal jurisdiction over them as Plaintiff has failed to properly serve the Summons and Complaint in accordance with the Federal Rules of Civil Procedure. Defendants Alliegro and Reuter also made a special appearance to assert that they were not properly served pursuant to the applicable rules. It also appears that Defendant State of Minnesota is challenging service.

Lack of Personal Jurisdiction

The City Defendants argue that the Court has never acquired personal jurisdiction over them as Plaintiff did not serve them pursuant to Fed. R. Civ. P. 4(j)(2) which governs service upon Foreign, State or Local Governments.

> Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

The Minnesota Rules of Civil Procedure provide that a municipal or other public corporation is properly served by serving the summons "to the chief executive officer or to the clerk of a defendant city, village or borough."

The record in this case establishes that Plaintiff attempted to serve the City Defendants by leaving a copy with the City Defendants' attorney. Defendants

have also submitted to the Court the Affidavit of John Moosey, the City of North Branch's City Administrator, in which he states that he has conferred with each of the City Defendants and that each has informed him that they, or their offices, were not personally served Plaintiff's Summons and Complaint, and that none have received a copy of the same through the U.S. mails, or have waived service. It also appears from the record that Defendants Alliegro and Reuter have not been personally served and that the State of Minnesota was served by mail. The return of service form does not provide where the complaint was sent, however.

The law is clear that when a defendant is not properly served, the Court lacks jurisdiction over the defendant. Dodco, Inc. v. American Bonding Company, 7 F.3d 1387, 1388 (8th Cir. 1993). This is so even if the defendant had actual notice of the lawsuit. Sieg v. Karnes, 693 F.2d 803, 807 (8th Cir. 1987). In this case, the applicable rules provide that a copy of the summons and complaint must be served on the City's chief executive or upon the city clerk. Plaintiff has not presented the Court any evidence that he followed the applicable rules. Instead, it appears Plaintiff has attempted to serve the City Defendants by sending copies to their counsel. This is not proper service. Nor has Plaintiff presented the Court evidence to establish that Defendants the State of Minnesota, Alliegro and Reuter were properly served.

Fed. R. Civ. P. 4(m) provides

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or

> on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Plaintiff filed an initial Complaint on October 23, 2000. He thereafter filed an Amended Complaint on February 20, 2001. Plaintiff should have thus properly served Defendants by June 20, 2001. Because the Plaintiff is pro se, the Court will give him a limited amount of time to effect proper service upon the Defendants. If the Summons and Complaint are not filed within this time, this case will be dismissed without prejudice.[1]

IT IS HEREBY ORDERED that Plaintiff shall serve the Summons and Complaint upon the Defendants in accordance with the applicable federal and state rules of civil procedure within twenty (20) days from the date of this Order. Plaintiff's Demand for Jury Trial, Motion for Summary Judgment and Motion for an Order directing the State Attorney General to Appoint a Special Prosecutor are denied without prejudice.

Date: 1-18-02

Michael J. Davis
United States District Court

---

[1]It appears that Plaintiff has filed a motion for a Second Amended Complaint. Until Plaintiff has properly effected service pursuant to this Order, the Court will not address the merits of this motion.