UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Alan R. Vaughn,

Plaintiff,

v.

MEMORANDUM OPINION
and ORDER
Civil No. 00-2370 (MJD/JGL)

City of North Branch, et al.,

Defendants.

---

Plaintiff is pro se.

Pierre N. Regnier and Stephen F. Buterin, Jardine, Logan & O'Brien, P.L.L.P. for and on behalf of Defendants City of North Branch, Richard Anderson, Ellis Johnson, Rodney Lofquist, Donald White, Kevin Engel, John Moosey, Patrick Trudgeon, Steven Vanden Heuvel, John Philipsen and Gregory Strom (the "City").

Stephen G. Andersen, Ratwik, Roszak & Maloney, P.A. for and on behalf of Defendants James Reuter and Alfred S. Alliegro.

Kelly L. Hanson, Assistant Minnesota Attorney General for and on behalf of the State of Minnesota.

---

Plaintiff brought this action against the State of Minnesota, the City of North Branch, and various officials, claiming that the defendants violated his civil rights in denying his application for approval of a preliminary plat development plan for a cluster development/planned unit development in North Branch, Minnesota. When such conduct was brought to the attention of the Chisago County Attorneys, Plaintiff alleges that office refused to investigate or prosecute his complaints, also in violation of his constitutional rights. Plaintiff seeks damages



FILED 9-10-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 9-10-02
DEPUTY CLERK

from each of the Defendants in excess of $1 million dollars and such other relief as may be just and equitable.

Previously, this Court granted Defendant Thomas Miller's motion to dismiss all claims asserted against him.[1] In that opinion, this Court also dismissed, with prejudice, Plaintiff's claims against the City arising under 42 U.S.C. §§ 1981[2] and 1985(3) and 1986, and 18 U.S.C. §§ 241, 242 and 1957. Thus, the only claims remaining to be determined against the remaining defendants are those arising under 42 U.S.C. §§ 1983 and 1988.

Now before the Court are the motions of the City, Defendants Reuter and Alliegro, and of the State, for dismissal. Also before the Court is Plaintiff's Demand for a Jury Trial, Motion for Summary Judgment, a Motion for an Order directing the State Attorney General to prosecute the defendants, and a Motion to Join Additional Defendants.

Background

For a detailed recitation of facts underlying this case, the Court refers to its Memorandum Opinion and Order dated October 30, 2001. To summarize, Plaintiff received preliminary approval for a cluster development/planned unit

---

[1]Defendant Miller is the City Attorney for the City of North Branch, and had provided the City Council legal advice with regard to Plaintiff's proposed plat development.

[2]Plaintiff now claims that he is part Native American, and that Defendants discriminated against him on the basis of race. These allegations are not plead in the Complaint, nor were they submitted to the Court in response to Defendant Miller's motion to dismiss. As a result, the § 1981 claim was dismissed in its entirety. Even if the Court were to revisit this claim, however, it is without merit as Plaintiff has failed to put forth any evidence from which to infer that he was discriminated against because of his race.

development located in the City of North Branch. The initial plan involved 32 lots on a 80 acre site. The Plaintiff later amended the plan to include 64 lots on the 80 acre site. The amended plan was rejected by the City because it violated the density limits contained in the City's Comprehensive Plan. It is Plaintiff's position that the denial of his proposed plan violated his constitutional rights.

Plaintiff also alleges in his Amended Complaint that the City allowed an adjoining landowner to discharge storm water on the Plaintiff's property, and required Plaintiff to construct a storm water system on his property without requiring the adjoining landowner, who would benefit from such a system, to contribute to its cost. Amended Complaint, ¶ 13. Plaintiff alleges that no ordinance or other law requires Plaintiff to construct such a system. Id. Plaintiff also contends that the City defendants attempted to charge Plaintiff for sewer and water fees in excess of the fees authorized by law. Id. ¶ 14.

On numerous occasions, Plaintiff forwarded his complaints to the Chisago County Attorney for prosecution. On each occasion, the sitting Chisago County Attorney refused to either investigate or prosecute Plaintiff's complaints. Id. ¶¶ 9 and 10.

Plaintiff petitioned for the appointment of a special prosecutor in an action brought in state court against the City and various officials. The state court dismissed the action, finding that the court had no authority to grant the Plaintiff's request pursuant to Article III of the Minnesota State Constitution; the separation

of powers. Attached Exhibit to Anderson Affidavit. This decision was affirmed by the Minnesota Court of Appeals in an unpublished opinion. Id. In this action, Plaintiff has purportedly named the State of Minnesota as a defendant in order to defend the relevant state law which provides for the appointment of a special prosecutor. Amended Complaint, ¶ 12.

Standard of Review

Standard for Summary Judgment

Although the moving defendants have brought motions to dismiss, the Court will treat the motions as motions for summary judgment, as matters outside of the pleadings have been relied upon. Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Unigroup, Inc. v. O'Rourke Storage & Transfer Co., 980 F.2d 1217, 1219-20 (8th Cir. 1992). To determine whether genuine issues of material fact exist, the court determines materiality from the substantive law governing the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Disputes over facts that might affect the outcome of the lawsuit according to applicable substantive law are material. Id. A material fact dispute is "genuine" if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party. Id. at 248-49.

State's Motion to Dismiss

The State moves the Court for dismissal on the basis that Plaintiff's claims are barred by the Eleventh Amendment to the U.S. Constitution. The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Supreme Court has interpreted the Eleventh Amendment to bar actions in federal court against a state by its own citizens. Hans v. Louisiana, 134 U.S. 1, 15 (1890); Treleven v. University of Minnesota, 73 F.3d 816 (8th Cir. 1996).

Plaintiff has named the State of Minnesota as a defendant in this case. In the prayer for relief, Plaintiff seeks damages in excess of $1,000,000 as against all Defendants. As discussed above, however, the Eleventh Amendment bars Plaintiff from bringing suit against the State. Accordingly, the State's motion to dismiss for lack of subject matter jurisdiction is granted.

The Court recognizes that Plaintiff may have incorrectly named the State of Minnesota as a defendant in order to defend the constitutionality of the relevant state law. Plaintiff has nonetheless failed to establish that he is entitled to the relief sought.

In his brief filed on April 5, 2002, Plaintiff challenges the opinions of the state district court and the Minnesota Court of Appeals, denying his request for

appointment of a special prosecutor. To the extent Plaintiff asks this Court to review the decision of the Minnesota state courts, this Court lacks subject matter jurisdiction based on the Rooker-Feldman doctrine. See, Ace Construction v. City of St. Louis, 263 F.3d 831, 832-833 (8th Cir. 2001)(Rooker-Feldman doctrine recognizes that lower federal courts lack subject matter jurisdiction over challenges to state court judgments.)

Section 1983 Claims

A. Claim Asserted Against the City

Plaintiff alleges that the City deprived him of his rights to due process, equal protection and equal privileges and immunities under the law, and that the City conspired to deprive him of his constitutional rights by imposing conditions on the approval of his preliminary plat in violation of the law. Plaintiff further alleges that the City's decision to deny his revised plat was arbitrary and capricious. He further asserts that the City's refusal to enforce Minnesota law and allow an adjacent property to discharge storm water on Plaintiff's property violate local ordinances.

There are two essential elements to a Section 1983 claim: 1) the conduct complained of must be committed by someone acting under the color of state law; and 2) such conduct deprived the Plaintiff of his rights, privileges or immunities secured by the Constitution or laws of the United States. DuBose v. Kelly, 187 F.3d 999, 1002 (8th Cir. 1999). The first element is not at issue. The

City argues, however, that this claim should be dismissed as Plaintiff cannot show that the City deprived him of a right guaranteed by the Constitution or by law.

1. Substantive Due Process Claim

To prevail on the claim that he was deprived of substantive due process, Plaintiff must first show a "protected property interest to which the Fourteenth Amendment's due process protection applies." Bituminous Materials, Inc. v. Rice County, Minnesota, 126 F.3d 1068, 1070 (8th Cir. 1997)(citation omitted). To determine whether Plaintiff has a protected property interest, the Court must refer to state law. Id. Further, such interest must be "a legitimate claim to entitlement . . . as opposed to a mere subjective expectancy." Id. Thus, Plaintiff must show that by state statute or regulation, the City was substantially limited with respect to its ability to approve development plans. Id. In other words, did the applicable ordinances require the City to approve the development plan upon Plaintiff's compliance with the terms and conditions prescribed by such ordinance. Id.

It is Plaintiff's position that he had a protected property interest in his proposed development, because he had received preliminary approval at one point in time. By imposing additional conditions on the approval of the preliminary plat, Plaintiff alleges the City violated his substantive due process rights. As discussed in the Court's previous Memorandum Opinion, however, the decision to deny Plaintiff's proposed development plan was based on the City's correct interpretation of its Comprehensive Land Use Plan. Accordingly, Plaintiff has

failed to demonstrate that he had a protected property interest in his proposed development.

Even if Plaintiff could show that he had a protected property interest, the Eighth Circuit has determined that with regard to zoning and land-use disputes, "the plaintiff must show more than that the government decision was arbitrary, capricious, or in violation of state law." Chesterfield Development Corporation v. City of Chesterfield, 963 F.2d 1102, 1104 (8th Cir. 1992)(citing Lemke v. Cass County, Nebraska, 846 F.2d 469, 470-471 (8th Cir. 1987)(en banc)). Rather, such claims should be limited to "truly irrational" governmental actions. Id. The Court finds, however, that the City's alleged conduct, even if it violated local law, is not "truly irrational".

Finally, Plaintiff's allegations concerning the City's decision to allow an adjacent landowner to discharge storm water onto Plaintiff's property, and to force Plaintiff to construct a storm water system, cannot form the basis of a Section 1983 claim. Even accepting Plaintiff's allegations as true, such allegations simply establish a violation of law. No reasonable jury could find such conduct "truly irrational."[3]

---

[3]In addition, it appears the claims involving the construction of a storm water system were fully litigated in state conciliation court. Butterin Affidavit Ex. E. Accordingly, Plaintiff is estopped from relitigating claims involving the construction of the storm water system. Mattson v. Packman, 358 N.W.2d 48, 49 (Minn. 1984).

2. Procedural Due Process

"In the zoning context, assuming a landowner has a protectible property interest, procedural due process is afforded when the landowner has notice of the proposed government action and an opportunity to be heard." Anderson v. Douglas County, 4 F.3d 574, 578 (8th Cir. 1993). In his Amended Complaint, Plaintiff does not allege a procedural due process claim. In any event, the documents submitted to the Court by Plaintiff establish that he was given notice of the decisions made by the City with regard to the requested building permit that would interfere with the proposed extension of Eleanor Avenue, and with regard to the denial of his preliminary plat that included 64 lots, and that he was given the opportunity to respond to such decisions.

3. Equal Protection

"A party claiming a violation of equal protection must establish that he or she is 'similarly situated' to other applicants for the license, permit, or other benefit being sought, particularly with respect to the same time period." Anderson, 4 F.3d at 577. It is Plaintiff's contention that he was treated differently than other developers. He appears to argue that the developers of the Viking Park 4th Addition, which is adjacent to his proposed development, were able to extend Eleanor Avenue as part of that development. Plaintiff has not sufficiently established that these developers were similarly situated to Plaintiff. For example, there is no evidence before the Court that the developers of the Viking Park 4th

Addition were granted the extension of Eleanor Avenue over the objections of the property owner over which the road was extended.

Plaintiff further alleges that defendant Steven Vanden Heuvel, who is a City Council member and developer, received approval for an increase in density with regard to the Nelson Meadow/Mystic Woodlands development. Plaintiff has not, however, submitted any evidence that Vanden Heuvel was similarly situated to Plaintiff. Plaintiff's Exhibit 52 is a portion of the Planning Commission's report regarding the Mystic Woodland/Nelson Meadows PUD. The report notes that the developer seeks to place five twinhomes within two separate subdivisions. To establish an equal protection claim in this case, however, Plaintiff must show that these developers were allowed to develop properties contrary to the density limits set forth in the City's Comprehensive Plan. Because the Mystic Woodland/Nelson Meadows PUD involved only ten units, the density limits of the Comprehensive Plan were not implicated.

4. Privileges and Immunities

In his Amended Complaint, Plaintiff alleges that defendants deprived him of his equal privileges and immunities under the laws. A claim under the Fourteenth Amendment's privileges and immunities clause is to be narrowly construed. Deubert v. Gulf Federal Savings Bank, 820 F.2d 754, 760 (5th Cir. 1987). "The clause protects only uniquely federal rights such as the right to petition Congress, the right to vote in federal election, the right to interstate

travel, the right to enter federal lands, or the rights of a citizen in federal custody." Id. Because the facts of this case do not implicate any of these rights, the Court finds that Plaintiff has failed to state a claim under the privileges and immunities clause.

B. Claims Asserted Against Reuter and Alliegro

As against Defendant Reuter and Alliegro, Plaintiff alleges that in their capacity as Chisago County Attorney, they violated Plaintiff's rights to due process and equal protection by refusing to investigate or prosecute his numerous complaints against various City officials.

In response to Plaintiff's allegations, Defendants Reuter and Alliegro argue that Plaintiff's complaints were sufficiently investigated prior to the making of the decision not to prosecute, as evidenced by exhibits attached to the Amended Complaint. For example, Plaintiff's Exhibit Nos. 13, 19, and 22 demonstrate that the County Attorney's Office consistently responded to Plaintiff's Complaints, and explained to Plaintiff their respective decisions not to bring criminal charges based on Plaintiff's complaints.

State prosecutors are granted broad discretion in the exercise of the charging function and ordinarily, under the separation-of-powers doctrine, a court should not interfere with the prosecutor's exercise of that discretion. State v. Foss, 556 N.W.2d 540 (Minn. 1996). "Under established separation of powers rules, absent evidence of selective or discriminatory prosecutorial intent, or an abuse of

prosecutorial discretion, the judiciary is powerless to interfere with the prosecutor's charging authority." State v. Krotzer, 548 N.W.2d 252, 254 (Minn. 1996)(citing Bordenkircher, 434 U.S. at 364, 98 S.Ct. at 668-69)). This inherent judicial authority "must be relied upon *sparingly* and only for the purpose of avoiding an injustice resulting from the prosecutor's *clear abuse of discretion* in the exercise of the charging function." Foss, at 541.

In this case, Plaintiff has failed to show that Defendants Reuter and Alliegro abused their discretion in declining to prosecute those individuals targeted by Plaintiff. Plaintiff has not demonstrated that any defendant violated a criminal statute warranting prosecution. Nor has Plaintiff demonstrated that the decisions of Reuter and Alliegro not to prosecute were motivated by a selective or discriminatory intent. Absent such evidence, Plaintiff has failed to show that the decisions of the Reuter and Alliegro violated his rights to due process and equal protection.

Motion to Join Additional Defendants

Plaintiff seeks to add Tosh Tricas as an additional defendant. Mr. Tricas owns property adjacent to Plaintiff, and he alleges that debris from Mr. Tricas' property have been placed on Plaintiff's property. He seeks an order against Mr. Tricas' ordering him to remove such debris, and that payment for storage of debris in the amount of $400 be made to Plaintiff.

These allegations assert, at most, a violation of state law. Because the Court finds that Plaintiff's claims against the City, the State of Minnesota and against Reuter and Alliegro fail, the Court will not exercise supplemental jurisdiction over any state claims. The motion to join additional defendants will thus be denied.

IT IS HEREBY ORDERED that:

1. Defendant State of Minnesota's Motion to Dismiss is GRANTED;
2. Defendant City's Motion to Dismiss is GRANTED;
3. Defendant City's Motion for Attorneys's Fees is DENIED;
4. Defendant Reuter and Alliegro's Motion to Dismiss is GRANTED;
5. Plaintiff's Motion for Summary Judgment is DENIED;
6. Plaintiff's Motion to Join Additional Defendants is DENIED;
7. Plaintiff's Motion for a Jury Trial is DENIED;
8. Plaintiff's Motion for Appointment of Special Prosecutor is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: 9-9-02

Michael J. Davis
United States District Court

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.