UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Alan R. Vaughn,

Plaintiff,

v.

City of North Branch, et al.,

Defendants.

Civil No. 00-2370 (MJD/JGL)

**ORDER**

---

Plaintiff has filed a Notice of Appeal with regard to this Court's Order filed on September 10, 2002, which granted Defendants' Motions to Dismiss and denied all of Plaintiff's motions in the above-captioned proceedings. Appellant filed an application to proceed in forma pauperis, ("IFP"), on appeal, which is now before the Court. [Doc. No. 69.]

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1).

Even if a litigant is found to be financially eligible for IFP status, an IFP application will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An

FILED 10-29-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, it is not necessary to decide whether Plaintiff is financially eligible for IFP status because the claims to be decided on appeal are frivolous. Plaintiff has not presented any factual allegations or legal theories that could support any cognizable claim against the named Defendants. The Court granted each Defendant's Motion to Dismiss[1] for the following reasons: the Eleventh Amendment bars actions against a state by its own citizen brought in federal court; lower federal courts lack subject matter jurisdiction over challenges to state court judgments; and Plaintiff failed to set forth the essential elements of a Section 1983 claim because Plaintiff cannot show that Defendants deprived him of a right guaranteed by the Constitution or by law. Thus, the Court certifies that Plaintiff's appeal is not taken in good faith because his claims present "inarguable legal conclusions." See Nietzke, 490 U.S. at 325 (defining frivolous appeals.) Plaintiff's application seeking leave to proceed IFP on appeal will therefore be denied.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Appellant's application to proceed in forma pauperis on appeal in these proceedings is DENIED.

Dated: October 28, 2002

MICHAEL J. DAVIS
United States District Judge

[1] By Order dated September 13, 2002, the Court clarified that the Order of dismissal filed on September 10, 2002 applied to Julie Dresel, one of the individual City Defendants.