**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Alan R. Vaughn,

Plaintiff,

v.

City of North Branch, Richard Anderson, Julie Dressel, Patrick Trudgeon, Thomas Miller, Ellis Johnson, Rodney Lofquist, Steven Vanden Heuvel, Donald White, John Philipsen, Kevin Engel, Gregory Strom, John Moosey, Dennis Gustafson, James Reuter, Alfred Alliegro, State of Minnesota,

Defendants.

Civil File No. 00-2370 (MJD/JSM)

**MEMORANDUM AND ORDER**

---

Plaintiff Alan R. Vaughn, pro se.

Pierre N. Regnier, Stephen F. Buterin, Jardine, Logan & O'Brien, P.L.L.P., for and on behalf of Defendants City of North Branch, Richard Anderson, Julie Dressel, Patrick Trudgeon, Ellis Johnson, Rodney Lofquist, Steven Vanden Heuvel, Donald White, John Philipsen, Kevin Engel, Gregory Strom, John Moosey (the "City Defendants").

Richard J. Thoams, Bryon G. Ascheman, Burke & Thomas, for and on behalf of Defendant Thomas Miller.

Stephen G. Anderson, Ratwik, Roszak & Maloney, P.A., for and on behalf of Defendants James Reuter and Alfred Allegrio.

Jennifer A. Service, Assistant Minnesota Attorney General, for and on behalf of Defendant State of Minnesota.

Patricia R. Cangemi, Assistant United States Attorney, for and on behalf of proposed third-party respondent United States Attorney General John Ashcroft.

---

FILED SEP 16 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion to Vacate pursuant to Fed. R. Civ. P. 60(b), and for Appointment of the United States Attorney General as Special Prosecutor. Plaintiff asks the Court to vacate its Orders dated October 30, 2001, and, September 9, 2002. In addition, the City Defendants and Defendant Thomas Miller ("Miller") Move the Court for Sanctions pursuant to Fed. R. Civ. P. 11.

## II. BACKGROUND

Plaintiff brought this action against defendants, claiming that they violated his civil rights in denying his application for approval of a preliminary development plan. The underlying facts in this matter are more fully set out in two previous Memorandum Opinion and Orders. The first Order, dated October 30, 2001, granted Miller's Motion for Dismissal and Summary Judgment. See Vaughan v. City of North Branch, Civ. No. 02-2379, 2001 WL 31031257, at *9 (D. Minn. 2001). On December 21, 2001, Vaughan attempted to appeal the Court's Order. On March 12, 2002, the Eighth Circuit Court of Appeals dismissed Vaughan's appeal on the basis that it lacked jurisdiction. On August 6, 2002, the Eighth Circuit denied Vaughan's petition for rehearing.

The second Order, dated September 9, 2002, granted Motions to Dismiss brought by the State of Minnesota, the City Defendants, and James Reuter ("Reuter") and Alfred Alliegro ("Alliegro"), and denied Vaughan's Motion to join additional plaintiffs and to appoint the Minnesota Attorney General as special

prosecutor. See Vaughan v. City of North Branch, Civ. No. 00-2370, 2002 WL 1640135, at *6 (D. Minn. 2002). Vaughan attempted to appeal from the September 9, 2002 Order, but the appeal was filed untimely and dismissed pursuant to Eighth Circuit Local Rule 47A(b).

Vaughan subsequently filed his motion to vacate on February 11, 2003, and his motion to appoint the Attorney General as a special prosecutor on February 27, 2003.

## III. DISCUSSION

### A. Plaintiff's Rule 60(b) Motion to Vacate

Vaughan brings this motion alleging that the Orders of October 31, 2001 and September 9, 2002 should be set aside for the following reasons: 1) mistake or inadvertence; 2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); 3) fraud, misrepresentation, or other misconduct of an adverse party; and 4) any other reason justifying relief from the operation of the judgment. See Fed. R. Civ. P. 60(b)(1)-(3), (6).

#### 1. The October 31, 2001 Order

Rule 60(b) requires that a motion to vacate brought for reasons of 1) mistake or inadvertence; 2) newly discovered evidence; or 3) fraud, be brought within one year after the judgment or order was entered. See Fed. R. Civ. P. 60(b); In Re Branson Mall, Inc., 970 F.2d 456, 462 (8th Cir. 1992). Because this motion was filed February 11, 2003, it is time-barred as to the October 31, 2001

Order with respect to reasons one through three. In addition, Vaughan has failed to direct the Court to any evidence or argument which would justify vacating the October 31, 2001 Order. Vaughan' motion to vacate the October 31, 2001 Order must be denied.

### 2. The September 9, 2002 Order

Although not time-barred, Vaughan's motion is nonetheless without merit. Vaughan's motion merely rehashes issues already adjudicated or raises irrelevant and immaterial arguments. Cf. Petition of Doe, 70 F.3d 56, 57-58 (8th Cir. 1995). Vaughan fails to direct the Court to any evidence or legal authority which would justify vacating the September 9, 2002 Order. Vaughan's motion to vacate the September 9, 2002 Order must be dismissed.

### B. Plaintiff's Motion to Appoint the United States Attorney General as Special Prosecutor

Vaughan seeks intervention or appointment of the Attorney General as a special prosecutor to investigate and prosecute alleged crimes and discriminatory treatment of Vaughan by defendants. Vaughan argues that such an appointment is necessary because two Chisago County Attorneys and the Minnesota Attorney General have refused to investigate the alleged crimes and discriminatory treatment.

The Attorney General is appointed by the President of the United States with the advice and consent of the United States Senate, and serves as the head of the Department of Justice. See 28 U.S.C. § 503. The discretion of the Attorney

General in choosing to prosecute, or not, is absolute. See 28 U.S.C. § 501 et seq.; Confiscation Cases, 74 U.S. 454, 458-59 (1868); Powell v. Katzenbach, 359 F.2d 234, 234-35 (D.C. Cir. 1965), cert. denied, 384 U.S. 906 (1966).

The Federal Courts will not interfere with the Attorney General's prosecutorial discretion unless it is abused to such an extent as to be arbitrary and capricious and violative of due process. See United States v. Welch, 572 F.2d 1359, 1360 (9th Cir. 1978), cert. denied, 439 U.S. 842 (1978); Weisberg v. U.S. Dept. of Justice, 489 F.2d 1195, 1201 (D.C. Cir. 1973), cert. denied, 416 U.S. 993 (1974); cf. U.S. Const., Art. II, § 1. This matter presents no such circumstances, and as such, Vaughn's motion to appoint the Attorney General as Special Prosecutor must be dismissed.

**C. Rule 11 Motions**

Both the City Defendants and Miller seek Rule 11 sanctions against Vaughan. Rule 11 imparts the authority to impose sanctions on an attorney or unrepresented party in the event of unsupported or vexatious submissions to the Court. Vaughan's signature on his motion papers indicated that "to the best of . . . [his] knowledge, information, and belief formed after reasonable inquiry [his motion] is well grounded in fact and is warranted by existing law . . . and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R. Civ. P. 11(b)(1) & (2); Carman v. Treat, 7 F.3d 1379, 1381 (8th Cir. 1993).

Both parties seeking Rule 11 sanctions complied with the safe harbor provision. See Fed. R. Civ. P. 11(c)(1)(A); Kirk Capital Corp. v. Bailey, 16 F.3d 1485, 1488 (8th Cir. 1994). As noted above, the Court finds that Vaughan's motion to vacate is unwarranted by either the law or the facts. Despite the fact that both the City Defendants and Miller detailed the defects in Vaughan's motion papers, Vaughan refused to withdraw or amend the motion. The Court concludes that the appropriate sanctions include: 1) restrictions on Vaughan's ability to file pleadings in this matter; and 2) a $500.00 fine, to be stayed at this time. The $500.00 fine shall be imposed if Vaughan disregards the filing restrictions imposed in this matter. The purpose of these sanctions is to deter Vaughan from filing further unsupported and unwarranted pleadings, which serve only to harass or cause unnecessary delay, and needlessly increase the cost of litigation. See Fed. R. Civ. 11(b)(1) & (c)(2).

## IV. CONCLUSION

Vaughan's motions for relief from the Orders of this Court and to appoint the Attorney General as special prosecutor are without merit and must be dismissed. Concomitantly, Rule 11 sanctions are appropriate.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Petition for Writ of Error is **DENIED**;

2. Plaintiff's Motion to appoint the United States Attorney General as Special Prosecutor is **DENIED**;

3. Defendants' Motions for Sanctions are **GRANTED**, as follows:

a. The Clerk of Court for the District of MN is directed to refuse for filing any pleadings in this matter submitted by Plaintiff unless the pleadings bear the signature of a duly admitted officer of this Court, or Plaintiff has applied for, and received, the prior consent of a United States Magistrate Judge;

b. Plaintiff is sanctioned in the amount of $500.00, the payment of which is stayed at this time;

c. If Plaintiff attempts to file any pleadings in this matter in violation of subparagraph (a) above, Plaintiff must pay to the Clerk of Court the $500.00 sanction ordered in subparagraph (b).

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: Sept 15, 2003

Michael J. Davis
United States District Court Judge